IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINIS
PEORIA DIVISION



FILED
SEP 29 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOI

| | |
|---|---|
| LARRY CHENOWETH,<br>Plaintiff,<br><br>vs.<br><br>DR. THOMAS WEBSTER, et. al.,<br>Defendant's | CASE NO. 04-1185<br><br>Affidavit in Support. |

I, Darrell Hermundson, the declarent, attest the following statements and information is true and correct pursuant to 28 U.S.C. §1746, and all the provisions and penalties which apply.

## STATEMENT OF FACT

1. On or about September 8, 2004, the declarent filed a Affidavit of support on behalf of the plaintiff. The said document was to inform the court that the plaintiff requested that the declarent assist him in the civil cause above.

2. The plaintiff had a previous prisoner assistant who has left the facility.

3. In the previous Affidavit in Support, it was stated that this facilty does not have a legal assistance program pursuant to the Code of Federal Regulations.

4. That due to the diagnosed Attention Deficit Hyperactiveity Disorder (A.D.H.D.) assistance is a necessary, in that this cause and the issues prevailing are presented precisely and intelligent.

5. That through the cause brought, once summary is granted, the plaintiff can show that conditions that are medically occuring, are getting worse and his quality of life is suffering.

6. That the declarent has been designated for a transfer to F.C.I. Victoville, in the State of California. That his departure from F.C.I. Pekin will be within 10 to 21 days.

## POSITION OF THE DECLARENT

In the declarents untimely transfer, it is apparent that due to the request to ammend to the original complaint, that the facility has deemed that my presence is inconvienent. If the court has not, at the time of the granting of summary judgement, allowed the plaintiff appointment of counsel (on earlier motion filed with original complaint) it is the request of the declarent that the assisting of the plaintiff may continue between institutions.

This due to the belief the plaintiff has meritorious issues in his complaint against the defendant's. In the BOPs continious delay of supplying documents to the plaintiff, or in some cases, losing documents, it is believed that the BOP has concerns that the complaint being brought also has merit. In errors of this medical department in the past, it is concievable that so called errors will not be admitted as undiligent mistakes.

Respectfully submitted,

*Darrell Hermundson*
Darrell Hermundson-Declarent
09109-097  FCI Pekin
P.O. Box 5000
Pekin, Illinois  61555

Dated this 27 day, September, 2004

Dated this 27 day, September, 2004

*Margo S. Guyton*
Notary Public

My commission expires:

February 27, 2006

OFFICIAL SEAL
MARGO S. GUYTON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires February 27, 2006

## Certificate of Service

I, Larry Chenoweth, attest that I have deposited the original document and two copies to the court. That an aditional copy has been sent to:

> Gerard Brost, A.U.S.A.
> U.S. Attorney's Office
> 211 Fulton, Rm 459 4th Flr.
> One Technology Plaza
> Peoria, Illinois 61602

That these documents were deposited in the institutional "Legal Mail" box on September 27, 2004.

Pursuant to the provisions and penalties of 28 U.S.C. 1746. That all information above is true and correct.

Respectfully Submitted,

Larry H. Chenoweth

Larry Chenoweth
# 59070-198
Federal Correctional Institution
P.O. Box 5000
Pekin, Illinois
    61535-5000