E-FILED
Monday, 29 November, 2004  11:43:36 AM
Clerk, U.S. District Court, ILCD

- CASE NUMBER -
04-1185

FILED
NOV 24 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

RECEIVED
JUN 1 4 2004
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

Larry G. Chenoweth,
　　PLAINTIFF,

- vs -

Thomas Webster, Clinical
Director, FCI Pekin, Illinois,
in his individual capacity,

Angel Ortiz, Clinical
Director, FCI Pekin, Illinois,
in his individual capacity,

Charito Reyes, Physicians
Assistant, FCI Pekin, Illinois,
in her individual capacity,

Harris Hansen, Physicians
Assistant, FCI Pekin, Illinois,
in his individual capacity,

　　DEFENDANTS.

## CIVIL RIGHTS COMPLAINT

Submitted By:

Larry G. Chenoweth
Reg. No. 59070-198
FCI Pekin
P.O. Box 5000
Pekin, IL  61555-5000

PRO SE PLAINTIFF

## BASIS OF JURISDICTION

The Plaintiff herein asserts a claim of deliberate indifference to his serious medical needs against employees of the Federal Bureau of Prisons in their individual capacities. See FDIC v. Meyers, 510 U.S. 471 (1994)(Bivens provides for releif against federal actors in their "individual", and not official, capacities). Accordingly, the Plaintiff's claim arises under the Constitution's 8th Amendment prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97,104 (1976); see also, Kelley v. McGinnis, 899 F.2d 612,616 (7th Cir. 1990).

This Court's jurisdiction of these matters arises under Article III, §2, cl.1 of the U.S. Constitution, 28 U.S.C. §1331, 28 U.S.C. §1343, and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

## PRINCIPAL PARTIES

PLAINTIFF, Larry G. Chenoweth, is a federal prisoner who proceeds pro se and in forma pauperis, and resides at his place of imprisonment — Larry G. Chenoweth - Reg. No. 59070-198 - FCI Pekin - P.O. Box 5000 - Pekin, Illinois 61555-5000.

DEFENDANT, Thomas Webster, is the former Clinical Director for FCI Pekin Health Services and employee of the Federal Bureau of Prisons who resided and worked in the State of Illinois at all times relevant to the subject-matter of this civil action. Mr. Webster's current address and/or place of residence is unknown to the Plaintiff.

DEFENDANT, Angel Ortiz, is the former Clinical Director for FCI Pekin Health Services and employee of the Federal Bureau of Prisons who resided and worked in the State of Illinois at all times relevant to the subject-matter of this civil action. Mr. Ortiz's current address and/or place of residence is unknown to the Plaintiff.

DEFENDANT, Charito Reyes, is a former Physicians Assistant for FCI Pekin Health Services and employee of the Federal Bureau of Prisons who resided and worked in the State of illinois at all times relevant to the subject-matter of this civil action. Ms. Reyes' current address and/or place of residence is unknown to the Plaintiff.

DEFENDANT, Harris Hansen, is a Physicians Assistant for FCI Pekin Health Services and employee of the Federal Bureau of Prisons who has resided and worked in the State of Illinois at all times relevant to the subject-matter of this civil action. Mr. Hansen's current address and/or place of residence is unknown to the Plaintiff; however, he may be served process at his place of employment —— FCI Pekin - 2600 S. 2nd Street - Pekin, Illinois 61554.

## LITIGATION HISTORY

Plaintiff affirmativel states that he has not begun any other lawsuits in either state or federal court in relation to the claims set forth herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff affirmatively states that he has exhausted all available administrative remedies in accordance with the Prison Litigation Reform Act (42 U.S.C. §1997e(a)) prior to his filing of this civil action with the U.S. District Court, and attaches EXHIBIT A (Admin.Rem.No. 312412-F1), EXHIBIT B (Admin.Rem.App.No. 312412-R1), and EXHIBIT C (Admin.Rem.App.No. 312412-A1) as proof of exhaustion thereof.

## STATEMENT OF CLAIMS

I.  **Defendants Thomas Webster, Angel Ortiz, Charito Reyes, and Harris Hansen, did violate Plaintiff's 8th Amendment right to be free from cruel an unusual punishment by acting with deliberate indifference to Plaintiff's serious and severely painful medical conditions.**

Supporting Facts:

1. In March of 1996, the Plaintiff was dignosed as suffering from "degenerative joint disease/osteoarthritis of the spine," (i.e., a painful condition of the spine which grows progress--ively worse over time), by Dr. Leon Grobler at the University of Iowa Hospitals & Clinics, Spine Rehabilitation Department, Iowa City, Iowa.

2. In December of 1997, the Plaintiff was diagnosed as suffering from "myofascial pain syndrom," (i.e., severe spinal pain related to the medical condition described in ¶1, supra), by Dr. James Rochelle, and Dr. C.A. Jackson, at Alegent Health Mercy Hospital, Council Bluffs, Iowa.

4

3. In January of 1999, the Plaintiff was placed on Social Security Disability in Council Bluffs, iowa, due to the severely painful and worsening medical conditions described in ¶'s 1 and 2, supra.

4. In June of 1999, the Plaintiff was diagnosed as suffering from a "herniated/prolapsed disc," (i.e., a slipped spinal disc which causes severe pain due to pressure on the nerves of the spine), by Dr. Sandhya Saxena at Clarkson West Hospital, Omaha, Nebraska.

5. Due to the severe back-pain caused by the medical conditions described in ¶'s 1, 2, and 4, supra, the Plaintiff was placed on powerful narcotic painkillers, (i.e., Vicodin tablets: 325mg doses 4x/day or as needed for pain), by Dr. Misa Hidaka, East County Community Clinic, El Cajon, California.

6. The sever and painful medical conditions described in ¶'s 1, 2, and 4, supra, are "degenerative" in nature, (i.e., they continue to worsen over time), and continue to cause the Plaintiff increasing amounts of pain as time progresses.

7. In September of 2000, the Plaintiff was arrested in the matter of U.S. v. Chenoweth, Case No. 00-195, in the United States District Court for the Southern District of Iowa, District Judge Robert Pratt presiding.

8. The Plaintiff has not received his doctor prescribed narcotic pain killers since the date of that arrest (see ¶7, supra).

9. In February of 2001, the Plaintiff reported his severely painful back conditions (see ¶'s 1,2,4, supra) to the U.S. Probation Department, and said conditions were made part of

the Presentence Investigation Report [1] filed in his criminal case (see ¶7, supra).

10. The PSIR prepared by the U.S. Probation Department was forwarded to the Federal Bureau of Prisons upon the Plaintiff's commitment to federal prison. See U.S. Dept of Justice v. Julian, 476 U.S. 1 (1988); Fed.R.Crim. P. 32(c); BOP P.S. No. 1351.05, pg.15-17 ("PSR").

11. In June of 2001, the plaintiff arrived at Federal Correctional Institution in Pekin, Illinois, to begin serving his 120-month sentence imposed in the criminal case (see ¶7, supra).

12. Pursuant to the contents of Plaintiff's PSIR at paragraphs 66, 68,69,71,71b,72,73 and 82, the Plaintiff's chronic and severaly painful back conditions were made known to the Federal Bureau of Prisons' officers, staff, and employees upon his designation to, and subsequent arrival at, FCI Pekin, Illinois. The PSIR clearly indicates that: (1) Plaintiff does suffer from numerous degenerative diseases and injuries to his spine, (2) these conditions cause him chronic and severe pain, and (3) these conditions are so painful as to warrant the administration of narcotic painkillers and muscle relaxers for the management of pain related to these conditions.

13. Over the course of Plaintiff's incareceration at FCI Pekin, medical department staff have requested, and subsequently received, copies of Plaintiff's medical records which verify his chronic and painful back condition as previously made known to them pursuant to the PSIR.

14. Thomas Webster, Angel Ortiz, Charito Reyes, and Harris Hansen, all of whom have been, or are, medical personell at FCI Pekin, Illinois, have (1) personally examined the Plaintiff, (2) been made aware of the Plaintiff's chronic and painful back condition through personal consultation with him and (3) verified the Plaintiff's conditions through examination, the PSIR, and medical records.

15. Thomas Webster, Angel Ortiz, Charito Reyes, and Harris Hansen, all of whom have been, or are, medical personell at FCI Pekin, Illinois, have been made personally aware through consultation with the Plaintiff during the course of his medical treatment, that the medication prescribed for the treatment of his back conditions do not adequately (or even begin to) control the pain associated with those severely painful medical conditions, and that Plaintiff is forced to unnecessarily suffer severe pain on a continuing daily basis as a result of inadequate medications, treatment, and rehabilitation for his documented serious medical conditions.

16. On October 21, 2003, the Plaintiff attended a medical appointment with P.A. Harris Hansen at FCI Pekin Health Services in reference to his back conditions and the lack of adequate treatment thereof. Pursuant to the medical interview had at that time, P.A. Hansen informed Plaintiff that he agreed that the Plaintiff's painful back condition warranted the administration of narcotic painkillers and muscle relaxors, however, he was not allowed to prescribe the needed medications because the medical policy at FCI Pekin forbade him to do so.

17. Despite full knowledge of Plaintiff's severely painful back conditions, and that the treatments prescribed for treatment thereof by FCI Pekin medical staff were/are ineffective, Thomas Webster, Angel Ortiz, Charito Reyes, and Harris Hansen each denied and/or continue to deny the Plaintiff any meaningful or effective medications, treatment, and/or rehabilitation for his documented serious medical conditions.

## RELIEF REQUESTED

Plaintiff hereby requests relief in the matter of his civil rights complaint in the following form and amounts:

1. As it concerns Defendant Thomas Webster and claim "I", above, Plaintiff requests that he be awarded nominal damages and the amount of $200,000.00 in punitive damages. Plaintiff further requests punitive damages in the amount of $250.00 per day for continued unconstitutional conduct occurring beyond the date of June 01, 2004.

2. As it concerns Defendant Angel Ortiz and claim "I", above, Plaintiff requests that he be awarded nominal damages and the amount of $200,00.00 in punitive damages. Plaintiff further requests punitive damages in the amount of $250.00 per day for continued unconstitutional conduct occurring beyond the date of June 01, 2004.

3. As it concern Defendant Charito Reyes and claim "I", above, Plaintiff requests that he be awarded nominal damages and the amount of $200,000.00 in punitive damages. Plaintiff further requests punitive damages in the amount of $250.00 per day for continued unconstitutional conduct occurring beyond the date of

June 01, 2004.

4.  As it concerns Defendant Harris Hansen and claim "I", above, Plaintiff requests that he be awarded nominal damages and the amount of $200,000.00 in punitive damages. Plaintif further requests punitive damages in the amount of $250.00 per day for continued unconstitutional conduct occurring beyond the date of June 01, 2004.

5.  As it concerns claim "I", above, the Plaintiff hereby requests immediate injunctive relief as follows:

   a.  Appropriate pain medication, treatment, and rehabilitation for his severely painful back condition, as determined by an orthopedic specialist;

   b.  An MRI and/or any other appropriate means of diagnostic testing available to accurrately determine the extent of the damage sustained to Plaintiff's L5-S1 herniated disc and/or other associated degenerative conditions related to his injuries.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this matter of his civil rights complaint.

## STATEMENT UNDER PENALTY OF PERJURY

I, Larry G. Chenoweth, the undersigned, do hereby affirm under penalty of perjury and pursuant to 28 U.S.C. §1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this day of:   *Larry G. Chenoweth*  Larry G. Chenoweth Reg. No.#59070198

Larry G. Cenoweth
Reg. No. 59070-198
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555-5000

EXHIBIT-A

Admin.Rem.No. 312412-F1



PEK 1330.7
1-28-99
Attachment 1

# FEDERAL CORRECTIONAL INSTITUTION
# PEKIN, ILLINOIS

## INMATE ATTEMPT AT INFORMAL RESOLUTION

*************************************************************************

In accordance to the bureau of Prisons' Program Statement 1330.11, <u>Administrative Remedy for Inmates</u>, any inmates attempting to seek formal review of a complaint must first attempt to resolve the complaint by presenting it to a staff member. The staff member must attempt to resolve the matter prior to issuance of a Request for Administrative Remedy (BP-9) to the inmate.

*************************************************************************

1. Briefly explain the nature of your complaint. You must include all pertinent details and facts that support you case.

Prisoner has an Torn annulus, (ruptured), L-5 disc. Documented in b.o.p. medical file 8-30-01, This is an acute medical condition. Prisoner is in chronic pain in lower back and midsection of the body

2. What action do you wish to be taken to resolve this matter.

M.R.I and corrective surgery immediately

Larry Chenoweth 59070-198      Indiana-I      9-10-03
Inmate Name & Reg. No.              Unit             Date

*************************************************************************

3. The staff member attempting to resolve this matter will indicate below the steps taken and will return this to the inmate.

Your MRI in 1999 showed minimal herniation of the disk. This is not an acute problem. The herniation is not of a degree requiring surgery. If you have pain report to sick-call for treatment

_____    9/16/03
Signature & Title of Official    Date

*************************************************************************

4. The Unit Manager or other designated staff member will review this request and written response prior to being returned to the inmate.

Reviewed by: _____Couture_____    9/17/03
Signature & Title of Reviewing Official    Date

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Chenoweth, Larry | #59070-198 | IN1 | FCI Pekin |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**: Prisoner complains that he is being denied necessary medical examination and treatment of his serious medical condition in violation of his Eighth Amendment right to be free from cruel and unusual punishment. See Estelle v. Gamble, 50 L.Ed.2d 785 (1976); Kelley v. McGinnis, 899 F.2d 612 (7th Cir. 1990).

### STATEMENT OF FACTS

1. On or about July 1989, prisoner, who was at the time a free man, sustained a lower back injury while working on a construction site, and since that date has re-injured his lower back on several occassions.
2. On or about March 1996, prisoner, who was at the time a free man, was diagnosed as having "degenerative disc disease", a serious medical condition which causes him severe chronic pain, for which he was prescribed several pain medications. Prisoner was placed on Social Security Disability (Claim No. 508808644A) for said condition on or about February 1996.
3. Prisoner, after his conviction and sentencing for the instant offense, arrived at FCI Pekin on or about June 2001. On June 26, 2001, prisoner reported this serious medical condition (¶2, supra) to Thomas Webster, M.D., at Inmate Health Services, FCI Pekin, Illinois.
4. Despite prisoner's serious medical condition (¶2, supra), Health Services Staff have refused to provide him medications adequate for the control of pain which had previously been prescribed to him prior to his incarc- -eration for the instant offense, with Health Services Staff informing him that these pain medications are not allow to be prescribed at FCI Pekin. As a result, prisoner has been, and is, forced to endure severe chronic pain without.

| 9-24-03 | *Larry H. Chenoweth* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

XXXXXXXXXXXXXX ...the benefits of the proper medications previously prescribed.
5. Since his arrival at FCI Pekin, prisoner's serious medical condition (¶2, supra) has worsened, causing him even greater pain as time has passed, resulting in various "medical work restrictions" (i.e., 10lb weight restrictio zero prolonged standing; zero bending). Despite his worsening condition, prisoner has not been prescribed more/diff- -erent medications to cope with his chronic pain, with the medications having been prescribed already proving to be ineffective in treating his already existing pain.
6. Health Services Staff refuse to provide him with the necessary required treatment(s) and access to medical personnel qualified to treat his serious medical condition (¶2, supra)(specialists), with this occurring despite the fact that said medical staff are aware, through records and examinations, that he does indeed suffer from a chronic and worsening degenerative disease (¶2, supra).

### RELIEF REQUESTED

WHEREFORE, prisoner hereby requests the following relief: (1) that he be immediately recommended to medical personnel qualified to examine and treat his serious medical condition; and (2) that he be prescribed medication(s) sufficient to treat the level of severe chronic pain caused by his serious medical condition.

---

| DATE | WARDEN OR REGIONAL DIRECTOR |
|---|---|

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

Part B - Response
Administrative Remedy #312412-F1

This is in response to your Inmate Request for Administrative Remedy, which alleges Health Services staff are not adequately treating your back injury or providing you sufficient pain medication. You request to have an MRI completed and immediate corrective surgery. In addition, you request sufficient medication be prescribed to treat your level of pain.

An investigation of this matter revealed Health Services staff are aware of your reported back pain and medication was prescribed and issued to alleviate your pain. A lumbar spine x-ray was taken on September 22, 2003, and the results are still pending. Upon receipt of the x-ray results, a decision will be made regarding any necessary treatment. In the interim, if you continue to have back pain you need to go to sick call. I would encourage you to work with Health Services staff regarding any of your medical problems.

This response is provided for informational purposes only. If you are not satisfied with this response, you may appeal on the appropriate form to the Regional Director within twenty days from the date of this response.

_____          _____
Suzanne R. Hastings, Warden              Date

Larry G. Chenoweth
Reg. No. 59070-198
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555-5000

EXHIBIT-B

Admin.Rem.App.No.312412-R1

BP-10

U.S. Department of Justice                                      Regional Administrative Remedy Appeal
Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Chenoweth, Larry G.__  __59070-198__  __IN1__  __FCI Pekin__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL** : Prisoner hereby appeals Remedy ID #312412-F1. In support hereof, prisoner states as follows:

STATEMENT OF FACTS

1. Prisoner hereby adopts all facts and authorities as set forth in his Request for Administrative Remedy ID #312412-F1 (attached).

2. In the BOP's BP-9 RESPONSE, the Warden states that "Health Services staff are aware of your reported back pain and medication was prescribed and issued to alleviate your pain." Prisoner herein states that the two oral medications prescribed him --- INDOMETHACIN (25mg - 3X/day) and NAPROXEN SOD (275mg - 4X/day) --- are grossly insufficient and inappropriate to treat the pain experienced by this prisoner for his serious medical condition.

3. In the BOP's BP-9 RESPONSE, the Warden states that "[a] lumbar spine x-ray was taken on September 22, 2003, and the results are still pending. Upon receipt of the x-ray results, a decision will be made regarding any necessary treatment." Prisoner herein states that this institution's medical staff are in gross violation of BOP Policy, as said x-ray results are still not available as of the date of this filing (infra); however, BOP Policy clearly mandates that (1) this institution maintain a registered radiologic technologist; and (2) that all x-ray requests will be reviewed by the ordering clinician within 48 hours. See BOP P.S. 6000.05 @ Ch.X, pg.1-3; see also, Caldwell v. Miller, 790 F.2d 589 at n.33-34 (7th Cir. 1986)(BOP must conform to established policy). Moreover, it is ridiculous...

__10-27-03__                       __Larry G. Chenoweth__
DATE                               SIGNATURE OF REQUESTER

...to state that "x-ray results" will take longer than 1 month (as they already have), as this delay in providing presently medically necessary care cannot possibly be consistent with acceptable community standards. See BOP P.S. 6000.05 @ Ch.I, pg.1.

4. In the BOP's BP-9 RESPONSE, the Warden states that "if you continue to have back pain you need to go to sick call." Prisoner herein states that he suffers from **chronic** back pain due to a degenerative disease and complicated by further injuries. Health Services staff are aware of prisoner's medical condition and the pain that he must endure every-single-day; however, those same Health Services Staff refuse to provide him medications appropriate for the control of his chronic and severe back pain. Prisoner continues to attend sick-call without relief or result.

5. Health Services Staff, and the Warden, continue to ignore this prisoner's need for timely medical care and medications appropriate to control his chronic and severe back pain, and thus, are acting with deliberate indifference to his serious medical needs in violation of Constitution Amendment 8. See Estelle v. Gamble, 50 L.Ed.2d 785 (1976); Kelley v. McGinnis, 899 F.2d 612 (7th Cir. 1990).

RELIEF REQUESTED

WHEREFORE, prisoner requests (1) that timely and immediate medical evaluation be conducted for his chronic and severe back pain, and (2) that he be immediately prescribed medications sufficient and appropriate for the control of his chronic and severe back pain which he is forced to suffer every-single-day.

---

DATE                                 REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE               CASE NUMBER: _____

**Part C—RECEIPT**

                                   CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

BP-230(13)

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Name:** CHENOWETH, Larry
**Register Number:** 59070-198
**Admin Remedy Number:** 312412-R1

---

This is in response to your Regional Administrative Remedy Appeal, in which you allege insufficient medical care for your back pain. For relief, you request a medical evaluation and a more effective pain medication.

We have reviewed the documentation related to your appeal, to include your history of BOP medical encounters. Based on our review, we found no basis to support your allegation. We understand your x-ray on September 22, 2003, revealed a diagnosis of Mild Degenerative Spondylosis. Based on this, we concur with the course of evaluation and treatment provided to you. Staff are available to discuss further concerns and/or to evaluate any symptom-related changes. Your patience and cooperation with staff will enhance their ability to continue providing you essential medical care.

Based on the above noted findings, this response is for informational purposes only.

12/29/03
Date

G. L. HERSHBERGER, Regional Director

Larry G. Chenoweth
Reg. No. 59070-198
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555-5000

EXHIBIT-C

Admin.Rem.App.No. 312412-A1

| U.S. Department of Justice | Central Office Administrative Remedy Appeal |
|---|---|
| Federal Bureau of Prisons | |

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Chenoweth, Larry G.**  #59070-198   IN1   FCI Pekin
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**: Prisoner hereby appeals Remedy ID #312412-F1 and #312412-R1. In support hereof, prisoner states as follows:

STATEMENT OF FACTS

1. Prisoner hereby adopts all facts and authorities as set forth in his Request for Administrative Remedy ID#312412-F1 and Regional Appeal ID#312412-R1 (both attached - with RESPONSES).

2. Prisoner is suffering from multiple medical conditions which cause him severe pain on a daily basis, and there is nothing "mild" about the pain which he is being forced to suffer everyday as a result of lack of treatment, examination, and medication. (see entire medical records of this prisoner).

3. Prisoner continues to attend "sick-call" and other medical appointments at FCI Pekin; however, the fact remains that no matter how often this prisoner attends "sick-call", his medical condition (and pain) are not going to simply disappear without proper medical care, examination, and treatment, and the BOP's recitation of moronic excuses and instructions via the administrative remedy system will likewise not remedy this prisoner's medical problem.

JANUARY 12, 2004                    /s/ Larry G. Chenoweth
DATE                                 SIGNATURE OF REQUESTER

4. Should this prisoner continue to be denied meaningful medical care, examination, and treatment for his painful medical condition by this office, he hereby informs you that you are liable for damages in a civil action which this prisoner will be filing upon exhaustion of this administrative remedy appeal.

RELIEF REQUESTED

WHEREFORE, prisoner requests (1) that this office (BOP Central Office) conduct a thorough review of all medical records maintained by the Federal Bureau of Prisons concerning this prisoner; (2) that based thereon, prisoner be given timely and immediate medical evaluation for his chronic and severe back pain; and (3) that based on his medical records and severe level of chronic pain, prisoner be immediately prescribed medications sufficient and appropriate for the control of his chronic and sever back pain which he is continuing to experience every-single-day without any meaningful treatment being provided by the BOP's medical staff. Further, should this request be denied either in whole or part, prisoner requests a detailed statement as to why he will continue to be denied adequate and proper medication for treatment of his chronic pain.

---

DATE _____    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE       CASE NUMBER: **312412-A1**

Part C—RECEIPT                   CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE _____    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13) APRIL 1982

Administrative Remedy No. 312412-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you allege you have been denied meaningful medical care, examination, and treatment for your chronic back pain. You request a medical evaluation and to be prescribed sufficient pain medications.

Review of your medical record and discussion with FCI Pekin staff reveals you have a history of chronic low back pain. An x-ray of your lumbar spine, dated September 22, 2003, shows mild degenerative lumbar spondylosis. Your medical record documents prescriptions for non-steroidal anti-inflammatory agents, Tylenol, warm compresses, weight lifting restrictions, and exercise recommendations. There is no clinical evidence that additional pain medication is warranted at this time. The record reflects you received medical care and treatment in accordance with Bureau policy.

This response is provided for informational purposes only.

_February 26, 2004_
Date

_Kathly Smallwood_
Harrell Watts, Administrator
National Inmate Appeals