UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

Larry G. Chenoweth,
        Plaintiff,

vs.                                                                04-1185

Thomas Webster, et al.,
        Defendants.

## ORDER

Before the court are the plaintiff' motion for leave to file an amended complaint, d/e 31, the defendants' response, d/e 32, and the plaintiff's reply, d/e 35. Further, before the court are the defendants, Thomas Webster, Angel Ortiz, Charlito Reyes and Harris Hansen's summary judgment motion, d/e 22, and the plaintiff's response, d/e 27.

### Standards

The plaintiff is advised that his complaint is subject to the screening required by 28 U.S.C. § 1915A(b). Pursuant to this statute, the Court must dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied,* 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574,

586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

**Background**

In March 1996, the plaintiff was diagnosed with "degenerative joint disease/osteoarthritis of the spine" by Dr. Leon Grobler at the University of Iowa Hospital and Clinic. In December 1997, the plaintiff was diagnosed with "myofascial pain syndrome" by Dr. James Rochelle and Dr. C. A. Jackson at Alegent Health Mercy Hospital in Council Bluffs, Iowa. In January 1999, the plaintiff was placed on social security disability due to severe pain and medical conditions. described above. In June 1999, the plaintiff was diagnosed with "herniated/prolapsed disc" by Dr. Sandhya Saxena at Clarkson West Hospital, Omaha, Nebraska. Dr. Misa Hidaka, East County Community Clinic, El Cajon, California prescribed narcotic painkillers (vicodin) for the plaintiff's severe back pain caused by the medial conditions described above. The plaintiff's medical problems became worse and his pain increased over time. In September 2000, the plaintiff was arrested. (Apparently he has been incarcerated since his arrest.) The plaintiff claims he has not received the prescribed narcotic pain killers since the date of his arrest. In February 2001, the plaintiff reported his painful back conditions to the U. S. Probation Department and "said conditions were made part of the presentence investigation report (PSIR) filed in his criminal case." The PSIR was forwarded to the Federal Bureau of Prisons upon the plaintiff's commitment to the federal prison.

In June 2001, the plaintiff arrived at FCI in Pekin, Illinois, to serve his 120 month sentence. The plaintiff's chronic and severe painful back conditions were made known to the prison's officers, staff and employees when the plaintiff arrived at the prison. During the plaintiff's incarceration at FCI Pekin, the medical department staff has requested and received the plaintiff's medical records which verify his medical conditions. The defendants, Webster, Ortiz, Reyes and Hansen have personally examined the plaintiff and been made aware of the plaintiff's chronic and painful back condition through personal consultation with the plaintiff and by examining the plaintiff and his medical records. Further, the plaintiff claims that he has advised these defendants that the medicine prescribed for treatment of his back conditions do not adequately control the pain and as a result the plaintiff suffers severe pain daily.

On October 21, 2003, the plaintiff attended a medical appointment with P. A. Harris Hansen at FCI Pekin Health Services for treatment of his back condition and the lack of adequate treatment. Hansen informed the plaintiff that he agreed that the plaintiff's painful back condition warranted the administration of narcotic painkillers and muscle relaxors, but FCI Pekin's medical policy prohibited Hansen from prescribing those medications. The plaintiff claims that each of the defendants denied and/or continue to deny him any meaningful or effective medications, treatment and/or rehabilitation for his documented serious medical conditions. The plaintiff requests monetary damages and appropriate medical treatment.

The plaintiff's original complaint was received by the clerk of the court on June 14, 2004. The original complaint alleged solely a constitutional claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972). The plaintiff asserted claims against individual defendants employed at the Federal Correctional Institution located in Pekin, Illinois. They are Thomas Webster and Angel Ortiz, both clinical directors, and Charlito Reyes and Harris Hansen, both Physician Assistants. The plaintiff claims these defendants violated his Eighth Amendment rights because they were deliberately indifferent to his serious medical condition by failing to give him adequate medical care. He claims the defendants failed to give him narcotic pain medication, adequate treatment and rehabilitation for his serious medical conditions. The plaintiff's complaint was filed on November 24, 2004.

On March 3, 2005, the defendants filed a motion to dismiss and/or for summary judgment, d/e 22, asserting as defenses: lack of proper service, a violation of the statute of limitations, and that plaintiff's allegations did not rise to the level of a constitutional violation. On April 5, 2005, the plaintiff responded to the defendants' motion to dismiss and/or for summary judgment, and the defendants replied on April 15, 2005. The motion is pending.

On May 11, 2005, the plaintiff filed a motion for leave to file an amended complain. On July 22, 2005, the court denied the plaintiff's motion because the docket reflected that the plaintiff had not submitted a proposed amended complaint. However, on September 22, 2005, the clerk of the court has brought to the court's attention that the clerk had inadvertently failed to reflect in the docket that the plaintiff had submitted a proposed amended complaint, along with his motion for leave to file an amended complaint. As a result, the Court vacated its July 22, 2005 order denying the plaintiff's motion for leave to amend his complaint, directed the clerk of the court to reinstate the plaintiff's motion and ordered defendants to file a response to the plaintiff's motion by October 7, 2005. The defendants timely complied with the court's order.

In his amended complaint, the plaintiff adds a claim under the Federal Tort Claim Act ("FTCA"), and also adds three additional defendants, Ferdinand Somalio, Health Services Administrator, Dr. Dalmasi, physician at FCI, and the United States of America. While the plaintiff continues to assert his *Bivens* claims, currently subject to the pending summary judgment motion, he adds a FTCA claim asserting negligence based upon the same facts. . 28 U.S.C. § 1346(b). The defendants interpreted this claim as a claim for medical malpractice.

## Discussion

The court will first address the original defendants' summary judgment motion and the proposed amended complaint as it relates to them. These defendants argue that the proposed amended complaint is insufficient under Illinois law and this court should deny the plaintiff's motion for leave to file an amended complaint. In their summary judgment motion, the defendants, argue that the plaintiff has failed to demonstrate that they were deliberately indifferent to the plaintiff's serious medical condition.

An Eighth Amendment claim must pass both an objective and a subjective test in order to

establish that the defendants conduct violated the constitution. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. *Id*. Second, the plaintiff must show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

"[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing Farmer at 840-42). Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. Shockley v Jones, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. Forbes v. Edgar, 112 F.3d, 262, 267 (7th Cir. 1997).

Here, Chenoweth can only show that he thought he should have received different treatment than that which was afforded to him by the Pekin medical staff. As the foregoing authorities show that is not enough to establish an Eighth Amendment violation. Moreover, the medical records on Chenoweth show that rather than ignoring him, the defendants were engaged in giving continuing medical care to Chenoweth. He just didn't approve of the treatment or the results.

In cases brought under the FTCA, the substantive law of the state in which the alleged tort occurred applies. *Del Rasso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001). The defendants, Webster, Ortiz, Reyes and Hansen assert that the plaintiff's amended complaint is insufficient under Illinois law. Here, Illinois law applies. Under Illinois law, a plaintiff bringing a medical malpractice action is required to include a medical affidavit with his complaint to support that his claims are meritorious. Pursuant to 735 ILCS 5/2-622, the plaintiff must file an affidavit stating: That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. 735 ILCS 5/2-622(a)(1). Additionally, this section of Illinois law provides that failure to file a certificate required by this section shall be grounds for dismissal under section 2-619 of the Code (735 ILCS 5/2-619).

"Section 2-622 of the Code is designed to (1) reduce the number of frivolous medical malpractice lawsuits, and (2) eliminate such actions at an early stage, before litigation expenses mount." *Gulley v. Noy*, 136 Ill. App. 3d 861, 863 (1st Dist. 2000). Here, the plaintiff failed to attach a physician's certificate to his complaint. Because of this failure, the FTCA claim is subject to dismissal. The defendants argue that since the amended complaint is insufficient

under Illinois law, this court should deny his motion for leave to file that pleading. If the court allows the plaintiff to file the amended complaint, for the reasons set forth above, the defendants request that the FTCA claim be dismissed.

As discussed above, the amended complaint charges both a tort claim under the FTCA and a *Bivens* claim under the Eighth Amendment alleging deliberate indifference based on plaintiff's assertion that he needs narcotic (versus nonnarcotic) medication for pain. Once the FTCA claim is stripped away, what remains in the amended complaint is not substantially different from the original complaint. The same operative facts are relied upon in both pleadings. Although the amended complaint includes a number of paragraphs describing the provisions of the Bureau of Prisons' ("BOP") Health Services Manual, these references are essentially irrelevant. The plaintiff's complaint charges a constitutional violation, not a violation of BOP policy guidelines. The defendants have addressed the constitutional issue in their motion for summary judgment which is fully briefed. The amended complaint adds nothing to that issue.

The amended complaint does include new defendants, The United States of America, Ferdinand Samalio and Dr. Dalmassi, Suzanne Hastings, Harrell Watts and G. L. Hersberger. The United States is not an appropriate defendant to a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 485 (1994); *Carlson v. Green*, 446 U.S. 14, 21 (1980). Samalio and Dalmassi are said to have performed the same acts as the other defendants, *i.e.*, providing the plaintiff with non-narcotic pain relievers instead of giving him narcotics. Hastings, Watts and Hersberger are non-medical personnel that reviewed the plaintiff's grievance regarding his medical concerns. The defendants argue that since the original defendants filed their motion for summary judgment, in part, arguing that the plaintiff's assertions of fact do not constitute deliberate indifference, adding more defendants who also did not provide the plaintiff with narcotic pain relievers does not elevate his nonconstitutional claim to one protected by the constitution. Further, the defendant argue that the plaintiff should not be permitted to add additional defendants until after this court rules on the defendants' motion for summary judgment. Otherwise, the plaintiff could potentially protract this litigation by continually adding BOP employees who did not give him narcotics.

In his reply, d/e 31-2, the plaintiff asserts that as to 735 ILCS 5/2-622(a)(1) "[i]ndeed this portion of Illinois law requires such an affidavit where the treatment of medicine is at issue directly." The plaintiff argues that it does not however apply to reviewing officials responsible for answering administrative grievances, such as those raised in his FTCA claims. The plaintiff clarifies that the his FTCA claims name individuals as tortfeasors[1] are not medical personnel at

---

[1] The plaintiff names the United States of America as defendant in the area where he lists the defendants. In the body of his complaint, where he asserts his claims against the United States of American, the plaintiff names Suzanne Hasting, the former warden of FCI Pekin; Harrell Watts, the administrator of National Inmate Appeals for the Federal Bureau of Prisons in Washington, DC; and G. L. Hershberger, regional director of the North Central Regional Office for the Federal Bureau of Prisons.

all. The plaintiff alleges that the warden of FCI Pekin, the regional director and the administrator of national inmate appeals for the Bureau of Prisons could not logically have their acts or omissions reviewed by an employee of the medical field as suggested by ILCS 5/2-622(a). The plaintiff asserts that instead it is the proper role of this court to reviewed alleged negligence contained within his instant complaint and make a determination in the first instance.

Although the plaintiff says he is not bringing the medical malpractice or negligent claim against the original defendants, even if he had, the claim would fail. So the court will address this claim as if the plaintiff has brought it against the original defendants. Pursuant to 735 ILCS 5/2-622, the plaintiff is required to file an affidavit, as discussed above. He did not. Therefore, any claim for negligence or medical malpractice against the original defendants, Thomas Webster, Angel Ortiz, Charlito Reyes and Harris Hansen fails. Therefore, pursuant to Fed. R. Civ. P. Rule 56(c), the defendants, Thomas Webster, Angel Ortiz, Charlito Reyes and Harris Hansen are entitled to summary judgment as a matter of law on the plaintiff's claim that they were deliberately indifferent to his medical needs and any claim for negligence or medical malpractice.

Furthermore, for the same reasons as it applicable to the original defendants, the plaintiff's claims for deliberate indifference to his serious medical needs and for medical malpractice against Dr. Dalmassi fail and are dismissed pursuant to 28 U.S.C. § 1915A(b), Fed. R. Civ. P. Rule 12(b)(6) and 735 ILCS 5/2-622.

Further, plaintiff's claims against the new defendants, United States of America, Suzanne Hastings, Harrell Watts, G. L. Hersberger and Ferdinand Samalio are dismissed pursuant to 28 U.S.C. § 1915A(b)and Fed. R. Civ. P. Rule 12(b)(6). These defendants cannot be found to be deliberately indifferent because they are not physicians and that they had to rely on the treating physicians and other medical personnel to determine the appropriate treatment. They do not have medical expertise and therefore cannot override a doctors' decisions in the proper course of treatment. These defendants are not qualified to assess the plaintiff's medical needs. If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. *Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005). *See also Bond v. Aguinaldo*, 228 F. Supp. 2d 918, 920 (N.D. Ill 2002)("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals.") Furthermore, as noted previously, the United States is not an appropriate defendant to a *Bivens* action. *See FDIC v. Meyer and Carlson v. Green.*

It is therefore ordered:

1. The plaintiff's motion for leave to file an amended complaint, d/e 31, is allowed. The clerk of the court is directed to file the amended complaint, forthwith.
2. The amended complaint names the following new defendants: The United States of America, Ferdinand Samalio and Dr. Dalmassi, Suzanne Hastings, Harrell Watts and G. L. Hersberger.

3. The amended complaint is terminated in its entirety based on the following reasons:
   a. Pursuant to Fed. R. Civ. P. Rule 56(c), the defendants, Thomas Webster, Angel Ortiz, Charlito Reyes and Harris Hansen's motion for summary judgment, d/e 22, is allowed. The clerk is directed to enter judgment in favor of the defendants, Thomas Webster, Angel Ortiz, Charlito Reyes and Harris Hansen and against the plaintiff.
   b. Based on the foregoing and pursuant to 28 U.S.C. § 1915A(b), Fed. R. Civ. P. Rule 56(c) and Fed. R. Civ. P. Rule 12(b)(6), the plaintiff's amended complaint is dismissed in its entirety.
4. The parties shall bear their own costs.
5. Any remaining matters are rendered moot.
6. If the plaintiff wishes to appeal this judgment, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If the plaintiff does choose to appeal, he will be liable for the $255.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this ___24th___ day of March 2006.

**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge