E-FILED
Friday, 30 June, 2006 12:14:42 PM
Clerk, U.S. District Court, ILCD

Larry G. Chenoweth
Reg No. 59070-198
FCI Pekin
P.O. Box 5000
Pekin, Illinois 61555-5000

Appearing pro se

FILED
JUN 30 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| LARRY G. CHENOWETH, Plaintiff, | ) | No. 04-1185 |
| vs. | ) | Honorable Harold A. Baker |
| THOMAS WEBSTER, Defendant. | ) | |

**PLAINTIFF'S GROUNDS FOR APPEAL**

Comes now, Larry G. Chenoweth (hereafter "plaintiff"), appearing pro se, and respectfully submits the foregoing non-frivolous grounds for appealing this Court's March 24, 2006 Order, granting summary judgment in favor of the defendants. In support of this submission, plaintiff avers as follows:

RELEVANT FACTS

Plaintiff initiated the instant action through the filing of a civil rights complaint alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment against certain

Federal Bureau of Prisons personnel. However, plaintiff later amended other prison personnel into this suit and added additional claims and defendants under claims arising under the Federal Tort Claims Act ("FTCA"). The Court allowed plaintiff to proceed on these amended claims, but before plaintiff could engage in the discovery process, the Court awarded defendants summary judgment. [1/]

The Court's grant of summary judgment to the defendants rests on two separate scores: (1) plaintiff's Eighth Amendment claims against individual prison officials constitutes a mere disagreement in treatment as opposed to deliberate indifference and (2) plaintiff's claims brought pursuant to the FTCA are either not cognizable or precluded by precedent. See Order Granting Summary Judgment ("Order"), Generally. For purposes of this motion and the issues to be presented on appeal, plaintiff specifically takes issue with two aspects of the Court's Order granting summary judgment.

## APPELLATE ISSUES

**I. It Is Debateable That Plaintiff's Eighth Amendment Claims Of Deliberate Indifference Constitutes A Mere Disagreement In Treatment As Opposed To The Intentional Provision Of Less Than Efficacious Treatment Plead In Plaintiff's Complaint.**

The facts set forth in the Court's order granting summary judgment to the defendants provides that plaintiff was previously diagnosed with several specific back injuries that prevented him from leading a normal life and working to support himself prior to

1/ Plaintiff has also sought appointment of counsel to assist him in this endeavor. Counsel would have provided a means for plaintiff to support his claims of less than efficacious treatment with objectively credible expert testimony and a fair opportunity to marshal the relevant facts and support his Eighth Amendment claims competently. However, this request was denied by the Court despite the obvious complexity of this case.

his instant incarceration. See Order, at 2-3 (explaining that plaintiff was diagnosed with "degenerative joint disease/osteo-arthritis of the spine," myofascial pain syndrome," and a "herniated prolapsed disc.") These conditions were serious enough to warrant the administration of narcotic pain killers and constituted a significant enough injury to qualify plaintiff for disability from the Social Security Administration. Id.

The medical records on file with this Court indicate that plaintiff's conditions were degenerative in nature and worsened over time. The complications associated with these conditions include pain, loss of mobility and an inability to function normally and carry out every day activities without severe discomfort. See Order, at 2. Through the forwarding of plaintiff's medical records from the Social Security Administration and four separate specialists, Defendants Webster, Ortiz, Reyes, Hansen, Samalio and Dalmaisi were made personally aware of these conditions. Id.

Over the course of a two year period of time, certain individual defendants were responsible for providing plaintiff with care for these conditions. Plaintiff repeatedly sought treatment, appointments were scheduled and the defendants administered such medications as Tylenol and Ibuprophen. However, despite plaintiff's protestations that these medicines were ineffective and did not improve his condition, these woefully inadequate treatments were continued. Despite their obvious ineffectiveness. Id. at 2-3.

The Seventh Circuit has long held that prison officials cannot continue to administer ineffective treatment and avoid a finding that they were deliberately indifferent to a prisoner's medical needs. See Colligan v. Milwaukee County, 163 F.3d 982, 989 (7th Cir.1999)(a plaintiff is able to demonstrate deliberate indifference to his serious medical needs "if the professional's response was so inadequate that it demonstrated an absence of professional judgment, that is, no minimally competent person would have so responded under the circumstances"). Precedent doesn't allow officials an escape hatch from being found deliberately indifferent to serious medical needs just by providing some type of treatment when they are aware of its ineffectiveness. See Chavez v. Cady, 207 F.3d 901, 905-06 (7th Cir.2000)(holding that prison officials knowing provision of less than efficacious treatment constitutes deliberate indifference); see also Kelley v. McGinnis, 899 F.2d 612, 616 (7th Cir,1990)(same). This was exactly the argument made here by the plaintiff. 2/

---

2/ When ordering summary judgment in favor of the defendants, the Court characterized plaintiff's claims as "plaintiff's assertion that he needs narcotic (versus nonnarcotic) medication for pain." Order, at 5. However, the complaint submitted by plaintiff says different. See e.g., Amended Complaint, at 12 ("[P]laintiff is forced to unecessarily suffer severe pain on a daily basis as a result of inadequate medications, treatment, and rehabilitation...") These allegations go further than a disagreement in treatment. Such allegations point to a repeated failure by the defendants to administer effective treatment after having extensive knowledge of the seriousness and degenerative nature of plaintiff's chronic condition. If proved, plaintiff could make a successful showing of deliberate indifference. See e.g., Jones v. Natesha, 151 F.Supp.2d 938,945 (N.D. Ill.2001).

A similar case to the one at hand is Jones v. Natesha, 151 F.Supp.2d 938 (N.D. Ill.2001). In Jones, the district court held that "[t]he Constitution does guarantee that a prisoner will not knowingly be given inadequate treatment, and deliberate indifference can arise by failure to change clearly ineffective treatment." Id. at 945. This case clearly makes a distinction between a disagreement in treatment and the administration of obvious ineffective treatment.

If a plaintiff is able to show that — despite his continual complaints that the treatment was inadequate and did not ease his pain and discomfort — officials arbitrarily refused to alter obviously ineffective treatment, a plaintiff can maintain a claim of deliberate indifference. Id. As alleged here, plaintiff has provided explicit evidence of his serious medical condition and evidence that the defendants were aware of that condition. Notwithstanding two years of complaints, certain defendants refused to alter the ineffective treatment provided plaintiff.

This matter was resolved prior to discovery by plaintiff or the defendants. No expert testimony or opinion is contained in the record which would support a conclusion that the treatment provided plaintiff was adequate under the circumstances. Thus, a determination that because plaintiff was given "continual medical care," Order, at 4, defendants were not deliberately indifferent to his medical needs is a gratuitous conclusion without credible evidence from an expert to support it. As such, plaintiff contends that the presentation

of these non frivolous issues to the appellate court is taken in good faith.

## II. Plaintiff's Claims Of Supervisor Liability Under The FTCA May Have Been Decided Incorrectly.

Pursuant to the Court's order granting the defendants summary judgment, the Court determined that plaintiff's FTCA claims against individuals responsible for reviewing his administrative grievances were not actionable under a theory of negligence. See Order, at 6 ("These defendants are not qualified to assess the plaintiff's medical needs") The Court held that the defendants could not be held liable "because they are not physicians" and "do not have medical expertise and therefore cannot override a doctor's decision." Id. Plaintiff disagrees with this assesment of the relevant law.

The Seventh Circuit has explained that where it is evident to a lay person that a prisoner is receiving inadequate or inappropriate treatment, such officials may be held liable. See Bond v. Aguinaldo, 228 F.Supp.2d 918, 920 (N.D. Ill.2002). In fact, supervisory personnel may be found liable for a subordinate's misconduct when the record demonstrates the official's knowledge of the misconduct and a wilfull failure to prevent its reoccurance. See Guiterez-Rodriguez v. Cartagena, 882 F.2d 553, 573 (1st Cir.1989).

What is problematic with the Court's ruling in this case is: (1) the Court does not show that it wasn't evident to the defendants that the treatment provided plaintiff was inadequate and (2) how

Seventh Circuit precedent precludes plaintiff from maintaining this type of claim against these officials. In fact, after dismissing plaintiff's claims out of hand, the Court continued to review these particular claims under a deliberate indifferent standard.

Contrary to the Court's decision and it's grant of summary judgment, plaintiff intended to produce credible evidence of a system wide deficiency in the medical department at FCI Pekin. In addition to introducing this evidence, plaintiff intended to demonstrate that the named grievance officials knew of this system wide deficiency, that it was brought to their attention on several occassions (by several prisoners) and they failed to take action. 3/

Plaintiff is unable to further elaborate on this particular claim due to the fact that the Court's ruling did not devote a particular amount of time to evaluating this claim. Plaintiff intends to raise this issue on appeal and demonstrate that such a claim is actionable and that the record did not conclusively prove that the defendants were not aware that the treatment provided to plaintiff was inadequate. It is plaintiff's position that it was, in fact, obvious to these grievance officials that the treatment provided to him was inadequate.

---

3/ This case was decided without the benefit of discovery and before a pretrial scheduling order was entered. This left plaintiff unable to support his claims of supervisor liability with records generated by the Bureau of Prisons showing a wilfull failure by these individuals to take preventative measures to overcome a system-wide deficiency in medical treatment at FCI Pekin. However, the record produced by the defendants does not prove that the types of complaints made by plaintiff were not of the type to convince a layperson that the lack of treatment or inadequacy of treatment was not obvious.

## CONCLUSION

**WHEREFORE**, plaintiff respectfully prays that this Honorable Court file the Notice of Appeal, grant in forma pauperis status and forward the record to the Seventh Circuit Court of Appeals for a determination on the merits.

Dated: June 27, 2006

Respectfully submitted,

Larry G. Chenoweth
Reg. No. 59070-198
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

Appearing pro se

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a true and correct copy of the foregoing in the U.S. Mail firstclass postage prepaid and properly addressed to the following on this 27th day of 2006.

Gerald Brost, AUSA
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, IL 61602

Larry G. Chenoweth